Filing # 162689730 E-Filed 12/08/2022 04:52:00 PM

| | |
|---|---|
| LILLIAM DURAN, | IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA |
| Plaintiff, | |
| v. | CIRCUIT CIVIL DIVISION |
| WAL-MART STORES EAST, LP, | CASE NO.: |
| Defendant. | |
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, LILLIAM DURAN, by and through undersigned counsel, hereby sues the Defendant, WAL-MART STORES EAST, LP, and alleges as follows:

1. This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars, not inclusive of attorney's fees and costs.

2. At all times material hereto, Plaintiff, LILLIAM DURAN, was and is a resident of Pennsylvania, over the age of majority and otherwise *sui juris.*

3. At all times material hereto, Defendant WAL-MART STORES EAST, LP (hereinafter "WALMART"), was and is a Foreign Limited Partnership licensed to and doing business in the State of Florida.

4. Venue is proper in Lee County, Florida, because the cause of action stated herein arose in Lee County, Florida.

5. On or about August 25, 2020, the Plaintiff, LILLIAM DURAN, was lawfully on Defendant's premises located at 2523 Lee Blvd., Lehigh Acres, FL 33971, an invitee, when she was suddenly and unexpectedly caused to slip and fall and sustain serious personal injuries due to a dirty, tracked-through substance on the floor at or near the household chemicals aisle of Defendant's premises.

6. At all times material hereto, the Defendant, WALMART, by and through its agents, servants, managers and/or employees, had dominion, possession and/or control over the subject premises.

7. At all times material hereto, the Defendant's, WALMART, agents, servants, managers and/or employees acted within the course and scope of their employment and/or agency for the Defendant.

8. At all times material hereto, the Defendant, WALMART, owed a non-delegable duty to maintain the subject premises in a reasonably safe and proper condition for its invitees, of which Plaintiff, LILLIAM DURAN, is a member.

9. At all times material hereto, Defendant, WALMART, owed a non-delegable duty to warn its invitees, such as Plaintiff, LILLIAM DURAN, of concealed dangers which were or should be known to Defendant, WALMART, and which are unknown to invitees such as Plaintiff, LILLIAM DURAN, and cannot be discovered by her through the exercise of reasonable care.

10. At all times material hereto, Defendant, WALMART, by and through its agents, employees, managers and/or servants, breached its non-delegable duties to the Plaintiff, LILLIAM DURAN, by committing one or more of the following acts or omissions:

   a. By allowing a dirty, slippery and unreasonably dangerous substance and/or contaminant to accumulate and remain on the floor of Defendant's premises, so as to cause Plaintiff to slip and fall and sustain serious personal injuries;
   a. By failing to properly maintain and/or inspect the common areas of its premises to ensure they were in a reasonably safe and proper condition for invitees such as the Plaintiff;
   b. By creating a dangerous condition on its premises;
   c. By allowing a dirty, slippery dangerous condition to occur with such regularity on its premises that the condition was foreseeable;

d. By failing to warn Plaintiff of the aforementioned condition and the risk involved in as much as the presence of Plaintiff was known or reasonably foreseeable by Defendant;

e. By failing to have the proper policies and procedures and/or in the alternative negligently failing to follow its own policies and procedures within which to inspect, maintain, and/or discover the above-mentioned dangerous condition and remedy same;

f. By failing to change its policies and procedures, despite its knowledge of similar repeated, and foreseeable incidents;

g. By allowing dirty, liquid substances and/or other slippery liquid residue to spill, and/or accumulate in such a manner so as to create a concealed dangerous condition along the ingress and egress route intended for the general public's use;

h. By failing to properly train, educate, and/or instruct its agents, employees, and/or servants on how to inspect, detect, clean and/or maintain the common areas of Defendant's premises;

i. By failing to provide a safe ingress and/or egress on its premises in violation of ANSI Standard and South Florida Building Codes, which are marked and outlined in Exhibit "A" which is attached hereto;

j. By failing to adhere to the subject floor surface maintenance requirements;

k. By installing and/or maintaining a floor surface on Defendant's premises which did not have the proper non-skid or slip resistant properties or surface, and was otherwise not fit for its intended purpose as a walking surface;

l. By installing and/or improperly maintaining a floor surface which Defendant knew or should have known became unreasonably slippery and dangerous when wet; and

m. By failing to use floor mats, carpets and/or non-skid surfaces in areas where foreign substances are spilled and/or deposited on a regular basis.

11. At all times material hereto, Defendant, WALMART, knew or should have known of the presence of a dangerous condition on its premises but Defendant failed to remedy the condition and/or warn the Plaintiff, LILLIAM DURAN, about the condition so as to prevent injury to the Plaintiff.

12. At all times material hereto, Defendant, WALMART, was negligent in creating the dangerous condition and/or causing the condition to exist or remain on the floor of the subject premises.

13. The condition causing Plaintiff, LILLIAM DURAN, to fall existed for a sufficient length of time that it was reasonably foreseeable to Defendant, WALMART, and thus, it was predictable and preventable.

14. Plaintiff, LILLIAM DURAN, neither knew nor should have known of said danger by the exercise of due care.

15. As a direct and proximate cause of Defendant's, WAL-MART STORES EAST, LP, breach of its nondelegable duties, the Plaintiff, LILLIAM DURAN, suffered severe bodily injuries with resulting past and future pain and suffering, disability, disfigurement, inconvenience, mental anguish, loss of capacity for the enjoyment of life, medical expenses, including the expense of hospitalization and surgery, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are permanent and continuing, and the Plaintiff, LILLIAM DURAN, will suffer such losses in the future.

WHEREFORE, Plaintiff, LILLIAM DURAN, hereby demands judgment for all damages, costs, and interest against the Defendant, WAL-MART STORES EAST, LP, together with any additional relief this Court deems just and proper.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

## DEMAND FOR JURY TRIAL

Plaintiff, LILLIAM DURAN, hereby demands a trial by jury of all issues triable as a right by a jury.

          SIMON TRIAL FIRM
*Attorneys for Plaintiffs*
First Citizens Bank Tower
2601 South Bayshore Drive
Suite 1010
Miami, Florida 33133
Telephone: (305) 375-6500
Facsimile: (305) 375-0388
Email: pleadings@simon-trial.com

By: */s/ Kyle A. Quintana*
RONALD M. SIMON, ESQ.
Florida Bar No.: 165262
KYLE A. QUINTANA, ESQ.
Florida Bar No.: 1003110